IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

LARRY JAMES OSBORN                                                    PETITIONER
ADC #079034


V.                                5:14-cv-00167-JTK

WENDY KELLEY, Director,                                               RESPONDENT
Arkansas Department of Correction[1]

MEMORANDUM AND ORDER

Petitioner Larry James Osborn, an inmate at the Arkansas Department of Correction in Marianna, Arkansas, filed this petition for habeas corpus relief pursuant to Title 18 of United States Code, Section 2254. (Doc. No. 1.) For the following reasons, Mr. Osborn's petition is denied.

I.      PROCEDURAL HISTORY

On June 4, 1998, a Saline County, Arkansas, jury found Mr. Osborn guilty of aggravated burglary in the Circuit Court for Saline County. (Doc. No. 5-2 at 1.) The court sentenced Mr. Osborn to life imprisonment. (*Id.* at 2.) Mr. Osborn moved for a new trial in the Circuit Court of Saline County on the grounds that the prosecutor misled the jury to believing that Mr. Osborn's previous crimes were also aggravated burglaries in his closing statement. (Doc. No. 1 at 1.) That court held an evidentiary hearing, where three jurors testified that they would not have sentenced Mr. Osborn to life imprisonment

---

[1]Wendy Kelley replaced Roy Hobbs as Director of the Arkansas Department of Correction. Under Federal Rule of Civil Procedure 25(d), Wendy Kelley is automatically substituted as Respondent in this action.

had they known that Mr. Osborn's previous crimes were less serious. (Doc. No. 5-4 at 3.) The court granted Mr. Osborn a new sentencing. (*Id.*).

On April 8, 1999, the Supreme Court of Arkansas reversed the Circuit Court and reinstated Mr. Osborn's life sentence. (*Id.* at 2.) It based its decision solely on Arkansas Rule of Evidence 606(b), which prohibits jurors to testify about "anything upon [a juror's] mind or emotions as influencing him to assent or dissent from the verdict or indictment . . . ." (*Id.*).

On February 24, 2000, the Supreme Court of Arkansas denied Mr. Osborn's direct appeal. (Doc. No. 5-5 at 1.) In this appeal, the only issue that Mr. Osborn raised was that the Circuit Court violated his right to a speedy trial under Arkansas Rule of Criminal Procedure 28.3(b) by not trying him within twelve months of his arrest. (*Id.* at 2.) The Supreme Court of Arkansas denied the appeal because the Circuit Court was unable to follow the Arkansas Rule of Criminal Procedure 28.3(b) since Mr. Osborn did not show up for his original trial date of October 17, 1997, but instead absconded to Colorado. (*Id.*).

On April 17, 2006, the Circuit Court for Saline County denied Mr. Osborn's motion for post-conviction relief under Arkansas Rule of Criminal Procedure 37. (Doc. No. 5-8 at 4.) In this motion, Mr. Osborn claimed ineffective assistance of his trial counsel, his speedy trial rights were violated, and prosecutorial misconduct. (Doc. No. 5-9 at 6.) The Circuit Court denied his motion. (Doc. No. 1 at 30.) On November 29, 2007, the Supreme Court of Arkansas denied Mr. Osborn's request to proceed with a

belated appeal because Mr. Osborn did not file his Notice of Appeal with the Circuit Clerk within sixty days of its order. (Doc. No. 5-11.) On February 21, 2008, the Supreme Court of Arkansas denied Mr. Osborn's motion for reconsideration of the denial of his motion for belated appeal. (Doc. No. 5-12 at 1.)

On May 1, 2014, Mr. Osborn filed this petition for a writ of habeas corpus. (Doc. No. 1.) In this petition, Mr. Osborn claims (1) ineffective assistance of trial counsel, (2) prosecutorial misconduct, (3) ineffective assistance of counsel on direct appeal, and (4) abuse of discretion by trial court for denying Mr. Osborn's motion to dismiss for a speedy trial violation. (Doc. No. 1.) On June 5, 2014, the State filed a response to Mr. Osborn's petition, arguing that Mr. Osborn's petition violated the statute of limitations and are either procedurally defaulted or not meritorious. (Doc. No. 5.) On August 26, 2014, Mr. Osborn filed a reply, arguing that his claims are not procedurally defaulted and that his claims are meritorious. (Doc. No. 8.)

II.   ANALYSIS

A district court has jurisdiction to entertain writs of habeas corpus on behalf of people in custody pursuant to state court judgments. 28 U.S.C. § 2254(a) (2006). The only issue the district court may consider is whether a prisoner is in custody "in violation of the Constitution or laws or treaties of the United States." *Id.* A prisoner must file the writ of habeas corpus within one year after the judgment "became final by the conclusion of direct review or the expiration of the time for seeking such review" unless one of the statutory exceptions apply. 28 U.S.C. § 2244(d)(1) (2006). While a properly-

3

filed application for State post-conviction relief or other collateral review is pending, the time "shall not be counted toward any period of limitation under this subsection." *Id.* at (d)(2).

Even when the statutory exceptions do not apply to a petitioner's claim, the statute of limitations on filing a writ of habeas corpus can be tolled for equitable reasons. *Holland v. Florida*, 560 U.S. 631, 645 (2010). A "petitioner is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 549 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Here, Mr. Osborn's claims are barred by the statute of limitations. Mr. Osborn filed this petition for habeas corpus relief over six years after the Arkansas Supreme Court denied his motion to reconsider the denial of his motion for belated appeal. Even if that motion to reconsider were a "properly-filed application for State post-conviction or other collateral review," Mr. Osborn's petition would be time barred. Mr. Osborn argues that his motion falls under three statutory exceptions to the statute of limitations: Section 2244(d)(1)(B), Section 2244(d)(1)(D), and Section 2254(d)(2). (Doc. No. 1 at 8.) Mr. Osborn also claims that denying his motion on the grounds that the statute of limitations has expired would be a "fundamental miscarriage of justice," which this Court construes to be an argument for equitable tolling of the statute of limitations. (*Id.* at 9.)

None of the statutory exceptions to the one-year statute of limitations apply to Mr. Osborn's claims. Section 2244(d)(1)(B) does not apply because Mr. Osborn does not claim that a State action prevented him from filing an application. 28 U.S.C. § 2244(d)(1)(B) (2006). Section 2244(d)(1)(D) does not apply because Mr. Osborn does not claim that he discovered the factual predicate of any of his claims within the past year. *Id.* at (d)(1)(D). Section 2254(d)(2) does not apply because that section does not address the statute of limitations to file a writ of habeas corpus, but rather it addresses one of the cognizable claims that a properly-filed writ of habeas corpus can address. 28 U.S.C. § 2254(d)(2) (2006).

Mr. Osborn is not entitled to equitable tolling of the statute of limitations for filing his petition. Mr. Osborn has not presented any evidence that he has been pursuing his rights diligently. The evidence Mr. Osborn has presented is that he has not filed a claim in any court for over six years before filing this petition. Since Mr. Osborn has not shown that he has been pursuing his rights diligently, he is not entitled to equitable tolling of the statute of limitations for filing his petition.

III.   CONCLUSION

Mr. Osborn's petition for writ of habeas corpus (Doc. No. 1) is not timely and is denied, dismissing this action in its entirety with prejudice.

IT IS SO ORDERED this 9th day of March, 2015.

_____
United States Magistrate Judge